**1IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>P.O. Box 710<br>Tucson, AZ 85702-0710<br><br>      Plaintiff,<br><br>      v.<br><br>COUNCIL ON ENVIRONMENTAL<br>QUALITY,<br>730 Jackson Place, NW<br>Washington, DC 20503<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>1400 Independence Ave., SW<br>Washington, DC 20250<br><br>U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Ave NW<br>Washington, DC 20230<br><br>NATIONAL OCEANIC AND<br>ATMOSPHERIC ADMINISTRATION,<br>1401 Constitution Avenue NW, Room 5128<br>Washington, DC 20230<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street, NW<br>Washington DC 20240<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br><br>      Defendants. | Civil Action No.: 19-1316<br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C. §<br>552)** |

**INTRODUCTION**

1.       In this action, Plaintiff Center for Biological Diversity ("Center") challenges the

failure and refusal of Defendants, Council on Environmental Quality ("CEQ"), U.S. Department

of Agriculture ("USDA"), U.S. Department of Commerce ("DOC"), National Oceanic and

Atmospheric Administration ("NOAA"), U.S. Department of the Interior ("DOI"), and U.S.

Environmental Protection Agency ("EPA") to provide records to the Center in response to

requests for records submitted on February 20, 2018 and November 20, 2018, for which there are

no applicable exemptions, in violation of the Freedom of Information Act, 5 U.S.C. § 552, as

amended ("FOIA").

2.       The Center's FOIA requests seek records connected with a Memorandum of

Agreement between EPA, DOI and DOC on "Establishment of an Interagency Working Group to

Coordinate Endangered Species Act Consultations for Pesticide Registrations and Registration

Review" ("MOA") and all meeting notes and other records generated in connection with the

meeting occurring on or about February 16, 2018 mentioning or including implementation of the

MOA.  Defendants' delays in providing records in response to the FOIA requests at issue may be

placing imperiled species at risk from EPA's authorization of the use of certain pesticides

without ensuring that their use will not affect endangered or threatened species.

3.       The Center seeks declaratory relief establishing that Defendants have violated

FOIA.  The Center also seeks injunctive relief ordering Defendants to provide the Center with all

responsive records without further delay.

COMPLAINT                                                    Center for Biological Diversity

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

7.      Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

**PARTIES**

8.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats, including from exposure to toxic chemicals.  The Center has more than 69,500 members.  The Center and its members are harmed by Defendants' violations of FOIA because such violations preclude the Center from gaining a full understanding of the agencies' approach to assessment of the harmful effects of pesticides in light of federal agency duties under the Endangered Species Act, 16 U.S.C. §§ 1531-1544.  Defendants' failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest.  Absent this information, the Center cannot advance its mission to protect native species and their habitat.

9.      Defendant COUNCIL ON ENVIRONMENTAL QUALITY is an agency within the Executive Office of the President.  CEQ is in possession and control of records responsive to

the Center's FOIA requests, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA requests to it.

10.     Defendant U.S. DEPARTMENT OF AGRICULTURE is an agency of the United States government. USDA is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

11.     Defendant U.S. DEPARTMENT OF COMMERCE is an agency of the United States government.  DOC is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

12.     Defendant NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION is a United States federal agency within the Department of Commerce. NOAA is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

13.     Defendant U.S. DEPARTMENT OF THE INTERIOR is an agency of the United States government.  DOI is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

14.     Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the United States government.  EPA is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

COMPLAINT                                                                          Center for Biological Diversity

## STATUTORY BACKGROUND

15.    FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions applies.  5 U.S.C. § 552.

16.    FOIA places the burden on the agency to show that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

17.    Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination.  *Id.* § 552(a)(6)(A)(i).

18.    In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched."  *Id.* § 552(a)(6)(B)(i).  If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency."  *Id.* § 552(a)(6)(B)(ii).

19.    FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request.  *Id.* § 552(a)(3)(C)-(D).

COMPLAINT                                                            Center for Biological Diversity

20.     FOIA requires federal agencies to promptly disclose requested records.  *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

21.     In certain limited instances, records may be withheld pursuant to nine specific exemptions.  *Id.* § 552(b).  These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

22.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  *Id.* § 552(a)(4)(B).

### Request to CEQ – CEQ-FY2018-075

23.     On February 20, 2018, the Center submitted to CEQ a FOIA request for:  "All records mentioning, including, and/or referencing the Memorandum of Agreement ("MOA") signed on January 31, 2018. Attachment A (January 31, 2018 Memorandum of Agreement)".  Agency FOIA Tracking No. CEQ-FY2018-075.

24.     On March 1, 2018, CEQ sent an email acknowledging receipt of the Center's FOIA request, stating:  "This FOIA request is considered a complex request that involves interagency coordination to conduct the search for records sought."  CEQ did not provide an anticipated completion date.

25.     CEQ has not provided the Center with any records in response to its February 20, 2018 FOIA request, CEQ-FY2018-075.

26.     CEQ has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

COMPLAINT                                                     Center for Biological Diversity

27.     The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

28.     CEQ has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in its February 20, 2018 FOIA request.

29.     The Center has been required to expend resources to prosecute this action.

### Request to CEQ – CEQ-FY2019-018

30.     On November 20, 2018, the Center submitted to CEQ a FOIA request for:  "All meeting notes and other records generated in connection with the meeting occurring on or about February 16, 2018 mentioning or including the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA") - Federal Insecticide, Fungicide, and Rodenticide Act 7 U.S.C. ch. 6 § 136 et seq. ("FIFRA") PCC on Memorandum of Agreement ("MOA") implementation." *See* Attachment A (February 16, 2018 ESA-FIFRA PCC on MOA Implementation).  Agency FOIA Tracking No. CEQ-FY2019-018.

31.     On November 21, 2018, CEQ e-mailed the Center to acknowledge receipt of the FOIA request, assigning it case number FY2019-018.  The e-mail stated, "This FOIA request is considered a complex request that involves interagency coordination to conduct the search for records sought."

32.     On December 27, 2018, the Center sent CEQ a Notice of Deadline Violation and Request for Estimated Date of Completion for FOIA request CEQ-FY2019-018.  The Center offered to assist CEQ in any way to facilitate CEQ's prompt release of the requested records.

33.     CEQ has not provided the Center with any records in response to its November 20, 2018 FOIA request, CEQ-FY2019-018.

COMPLAINT                                                         Center for Biological Diversity

34.     CEQ has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

35.     The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

36.     CEQ has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in its November 20, 2018 FOIA request.

37.     The Center has been required to expend resources to prosecute this action.

### Request to USDA - 2019-OGC-01078-F

38.     On November 20, 2018, the Center submitted to USDA a FOIA request for:  "All meeting notes and other records generated in connection with the meeting occurring on or about February 16, 2018 mentioning or including the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA") - Federal Insecticide, Fungicide, and Rodenticide Act 7 U.S.C. ch. 6 § 136 et seq. ("FIFRA") PCC on Memorandum of Agreement ("MOA") implementation. *See* Attachment A (February 16, 2018 ESA-FIFRA PCC on MOA Implementation)."  Agency FOIA Tracking No. 2019-OGC-01078-F.

39.     On November 21, 2018, USDA e-mailed the Center to acknowledge receipt of the FOIA request, assigning it case number 2019-0GC-01078-F.

40.     USDA has not provided the Center with any records in response to its November 20, 2018 FOIA request, 2019-OGC-01078-F.

COMPLAINT                                                        Center for Biological Diversity

41.     USDA has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

42.     The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

43.     USDA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in its November 20, 2018 FOIA request.

44.     The Center has been required to expend resources to prosecute this action.

**Request to DOC – DOC-IOS-2018-000795**

45.     On February 20, 2018, the Center submitted to DOC, Headquarters, a FOIA request for: "All records mentioning, including, and/or referencing the Memorandum of Agreement ("MOA") signed on January 31, 2018. Attachment A (January 31, 2018 Memorandum of Agreement). *Note*: this FOIA request is only for records within DOC's main office Headquarters." Agency FOIA Tracking No. DOC-IOS-2018-000795.

46.     On February 20, 2018, DOC sent an automatic acknowledgement of the receipt of the Center's FOIA request, assigning it tracking number DOC-OS-2018-000795.

47.     DOC has not provided the Center with any records in response to its February 20, 2018 FOIA request, DOC-IOS-2018-000795.

48.     DOC has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed

the Center that it may appeal any specific adverse determination within the relevant time periods
in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

49.     The Center is deemed to have exhausted its administrative remedies pursuant to 5
U.S.C. § 552(a)(6)(C)(i).

50.     DOC has no lawful basis under FOIA for its delay and has provided no lawful
basis to withhold or redact the records the Center requested in its February 20, 2018 FOIA
request.

51.     The Center has been required to expend resources to prosecute this action.

**Request to NOAA: DOC-NOAA-2019-000296; Appeal DOC-OS-2019-000529**

52.     On November 20, 2018, the Center submitted to NOAA a FOIA request for:  "All
meeting notes and other records generated in connection with the meeting occurring on or about
February 16, 2018 mentioning or including the Endangered Species Act, 16 U.S.C. §§ 1531-
1544 ("ESA") - Federal Insecticide, Fungicide, and Rodenticide Act 7 U.S.C. ch. 6 § 136 et seq.
("FIFRA") PCC on Memorandum of Agreement ("MOA") implementation. *See* Attachment A
(February 16, 2018 ESA-FIFRA PCC on MOA Implementation)."  Agency FOIA Tracking No.
DOC-NOAA-2019-000296.

53.     On November 20, 2018, NOAA sent an automatic acknowledgement of the
receipt of the Center's FOIA request, assigning it tracking number DOC-NOAA-2019-000296.

54.     On December 10, 2018, NOAA wrote to the Center, stating, "We searched our
correspondence files and did not find any documents responsive to your request."

55.     On January 25, 2019, the Center appealed the final determination of FOIA request
DOC-NOAA-2019-000529.

56.     On January 25, 2019, NOAA e-mailed the Center to acknowledge receipt of its Appeal, assigning it assigning it appeal tracking number DOC-NOAA-2019-000529.

57.     On January 28, 2019, NOAA e-mailed the Center, stating that the FOIA appeal of DOC-NOAA-2019-000529 had its tracking number changed to DOC-OS-2019-000529.

58.     On March 4, 2019, the Office of the General Counsel of DOC notified the Center that "DOC-OS-2019-000529 has been processed with the following final disposition: Granted - Remanded to NOAA to conduct a new search."

59.     On remand, NOAA has not provided the Center with any records in response to its November 20, 2018 FOIA request DOC-NOAA-2019-000296.

60.     On remand, NOAA has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

61.     The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

62.     NOAA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in its November 20, 2018 FOIA request.

63.     The Center has been required to expend resources to prosecute this action.

**Request to DOI – OS-2019-00217**

64.     On November 20, 2018, the Center submitted to DOI a FOIA request for:  "All meeting notes and other records generated in connection with the meeting occurring on or about February 16, 2018 mentioning or including the Endangered Species Act, 16 U.S.C. §§ 1531-

COMPLAINT                                                    Center for Biological Diversity

1544 ("ESA") - Federal Insecticide, Fungicide, and Rodenticide Act 7 U.S.C. ch. 6 § 136 et seq.

("FIFRA") PCC on Memorandum of Agreement ("MOA") implementation. *See* Attachment A

(February 16, 2018 ESA-FIFRA PCC on MOA Implementation)." Agency FOIA Tracking No.

OS-2019-00217.

65.     On November 30, 2018, DOI acknowledged receipt of the Center's FOIA request,

took a 10-workday extension under 43 C.F.R. § 2.19 and placed the request under the "normal"

processing track.

66.     On January 28, 2019, the Center sent DOI a Notice of Deadline Violation and

Request for Estimated Date of Completion for FOIA request OS-2019-00217.  The Center

offered to assist DOI in any way to facilitate DOI's prompt release of the requested records.

67.     DOI has not provided the Center with any records in response to its November 20,

2018 FOIA request OS-2019-00217.

68.     DOI has not provided a determination to the Center describing the scope of the

records it intends to produce or withhold, the reasons for withholding any records, or informed

the Center that it may appeal any specific adverse determination within the relevant time periods

in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

69.     The Center is deemed to have exhausted its administrative remedies pursuant to 5

U.S.C. § 552(a)(6)(C)(i).

70.     DOI has no lawful basis under FOIA for its delay and has provided no lawful

basis to withhold or redact the records the Center requested in its November 20, 2018 request.

71.     The Center has been required to expend resources to prosecute this action.

## Request to EPA – EPA-HQ-2019-001590

72.     On November 20, 2018, the Center submitted to EPA a FOIA request for:  "All meeting notes and other records generated in connection with the meeting occurring on or about February 16, 2018 mentioning or including the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA") - Federal Insecticide, Fungicide, and Rodenticide Act 7 U.S.C. ch. 6 § 136 et seq. ("FIFRA") PCC on Memorandum of Agreement ("MOA") implementation. *See* Attachment A (February 16, 2018 ESA-FIFRA PCC on MOA Implementation)." Agency FOIA Tracking No. EPA-HQ-2019-001590.

73.     On November 20, 2018, EPA sent an automatic acknowledgement of the receipt of the Center's FOIA request, assigning it tracking number EPA-HQ-2019-001590.

74.     On January 28, 2019, the Center sent EPA a Notice of Deadline Violation and Request for Estimated Date of Completion for FOIA request EPA-HQ-2019-001590.  The Center offered to assist EPA in any way to facilitate EPA's prompt release of the requested records.

75.     On January 31, 2019, EPA informed the Center that it anticipated that it may have final collection numbers and an estimated completion time in the next 2-3 weeks.

76.     On February 22, 2019, EPA informed the Center that the agency had collected an estimated 435 emails/records responsive to FOIA request EPA-HQ-2019-001590.

77.     EPA has not provided the Center with any records in response to its November 20, 2018 FOIA request EPA-HQ-2019-001590.

78.     EPA has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed

the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

79.     The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

80.     EPA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in its November 20, 2018 FOIA request.

81.     The Center has been required to expend resources to prosecute this action.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**

**CEQ Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request CEQ-FY2018-075**

82.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

83.     The Center properly requested records within the control of CEQ through its February 20, 2018 FOIA request, CEQ-FY2018-075, to the agency.

84.     The Center has a statutory right to a lawful final determination from CEQ on the Center's FOIA request, CEQ-FY2018-075, in a manner that complies with FOIA.  CEQ has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

85.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to CEQ in the foreseeable future.

86.     The Center's organizational activities will be adversely affected if CEQ is allowed to continue violating FOIA's disclosure provisions.

COMPLAINT                                          Center for Biological Diversity

87. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CEQ will continue to violate the Center's rights to receive public records under FOIA.

88. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

### CEQ Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request CEQ FY2018-075

89. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

90. The Center has a statutory right to have CEQ process the Center's FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). CEQ violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

91. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to CEQ in the foreseeable future.

92. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CEQ will continue to violate the Center's rights to receive public records under FOIA.

93. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF

### CEQ Failed to Disclose All Records that Are Responsive to the Center's FOIA Request CEQ FY2018-075

94.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

95.     The Center has a statutory right to the records it seeks, and CEQ has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records.  *See* 5 U.S.C. § 552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A).  CEQ has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

96.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to CEQ in the foreseeable future.

97.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CEQ will continue to violate the Center's rights to receive public records under FOIA.

98.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## FOURTH CLAIM FOR RELIEF

### CEQ Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request CEQ-FY2019-018

99.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

100.     The Center properly requested records within the control of CEQ through its November 20, 2018 FOIA request, CEQ-FY2019-018, to the agency.

COMPLAINT                                                          Center for Biological Diversity

101.     The Center has a statutory right to a lawful final determination from CEQ on the Center's FOIA request, CEQ-FY2019-018, in a manner that complies with FOIA.  CEQ has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

102.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to CEQ in the foreseeable future.

103.     The Center's organizational activities will be adversely affected if CEQ is allowed to continue violating FOIA's disclosure provisions.

104.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CEQ will continue to violate the Center's rights to receive public records under FOIA.

105.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

### FIFTH CLAIM FOR RELIEF

### CEQ Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request CEQ-FY2019-018

106.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

107.     The Center has a statutory right to have CEQ process the Center's FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  CEQ violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

COMPLAINT                                                        Center for Biological Diversity

108.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to CEQ in the foreseeable future.

109.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CEQ will continue to violate the Center's rights to receive public records under FOIA.

110.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## SIXTH CLAIM FOR RELIEF

### CEQ Failed to Disclose All Records that Are Responsive to the Center's FOIA Request CEQ-FY2019-018

111.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

112.     The Center has a statutory right to the records it seeks, and CEQ has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records.  *See* 5 U.S.C. § 552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A).  CEQ has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

113.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to CEQ in the foreseeable future.

114.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CEQ will continue to violate the Center's rights to receive public records under FOIA.

COMPLAINT                                                                    Center for Biological Diversity

115.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

**SEVENTH CLAIM FOR RELIEF**

**USDA Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request USDA-2019-OGC-01078-F**

116.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

117.    The Center properly requested records within the control of USDA through its November 20, 2018 FOIA request, USDA-2019-OGC-01078-F, to the agency.

118.    The Center has a statutory right to a lawful final determination from USDA on the Center's FOIA request, USDA-2019-OGC-01078-F, in a manner that complies with FOIA. USDA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

119.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to USDA in the foreseeable future.

120.    The Center's organizational activities will be adversely affected if USDA is allowed to continue violating FOIA's disclosure provisions.

121.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's rights to receive public records under FOIA.

122.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## EIGHTH CLAIM FOR RELIEF

### USDA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request USDA-2019-OGC-01078-F

123.   Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

124.   The Center has a statutory right to have USDA process the Center's FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  USDA violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

125.   Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to USDA in the foreseeable future.

126.   Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's rights to receive public records under FOIA.

127.   The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## NINTH CLAIM FOR RELIEF

### USDA Failed to Disclose All Records that Are Responsive to the Center's FOIA Request USDA-2019-OGC-01078-F

128.   Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

129.   The Center has a statutory right to the records it seeks, and EPA has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records.  *See* 5 U.S.C. §

COMPLAINT                                                                          Center for Biological Diversity

552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A).  USDA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

130.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to USDA in the foreseeable future.

131.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's rights to receive public records under FOIA.

132.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## TENTH CLAIM FOR RELIEF

### DOC Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request DOC-IOS-2018-000795

133.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

134.    The Center properly requested records within the control of DOC through its February 20, 2018 FOIA request, DOC-IOS-2018-000795, to the agency.

135.    The Center has a statutory right to a lawful final determination from DOC on the Center's FOIA request, DOC-IOS-2018-000795, in a manner that complies with FOIA.  DOC has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

136.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to DOC in the foreseeable future.

COMPLAINT                                                                                     Center for Biological Diversity

137.    The Center's organizational activities will be adversely affected if DOC is allowed to continue violating FOIA's disclosure provisions.

138.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOC will continue to violate the Center's rights to receive public records under FOIA.

139.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## ELEVENTH CLAIM FOR RELIEF

### DOC Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request DOC-IOS-2018-000795

140.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

141.    The Center has a statutory right to have DOC process the Center's FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  DOC violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

142.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to DOC in the foreseeable future.

143.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOC will continue to violate the Center's rights to receive public records under FOIA.

144.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

COMPLAINT                                                      Center for Biological Diversity

**TWELFTH CLAIM FOR RELIEF**

**DOC Failed to Disclose All Records that Are Responsive to the Center's FOIA Request DOC-IOS-2018-000795**

145.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

146.    The Center has a statutory right to the records it seeks, and DOC has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See* 5 U.S.C. § 552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A). DOC has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

147.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to DOC in the foreseeable future.

148.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOC will continue to violate the Center's rights to receive public records under FOIA.

149.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**THIRTEENTH CLAIM FOR RELIEF**

**NOAA Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request DOC-NOAA-2019-000296 /Appeal DOC-OS-2019-000529**

150.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

COMPLAINT                                                                Center for Biological Diversity

151.    The Center properly requested records within the control of NOAA through its November 20, 2018 FOIA request, DOC-NOAA-2019-000296 / DOC-OS-2019-000529, to the agency.

152.    The Center has a statutory right to a lawful final determination from NOAA on the Center's FOIA request, DOC-NOAA-2019-000296 / DOC-OS-2019-000529, in a manner that complies with FOIA. FWS has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

153.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to NOAA in the foreseeable future.

154.    The Center's organizational activities will be adversely affected if NOAA is allowed to continue violating FOIA's disclosure provisions.

155.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, NOAA will continue to violate the Center's rights to receive public records under FOIA.

156.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## FOURTEENTH CLAIM FOR RELIEF

### NOAA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request DOC-NOAA-2019-000296 /Appeal DOC-OS-2019-000529

157.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

158.    The Center has a statutory right to have NOAA process the Center's FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). NOAA violated the

Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

159.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to NOAA in the foreseeable future.

160.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, NOAA will continue to violate the Center's rights to receive public records under FOIA.

161.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## FIFTEENTH CLAIM FOR RELIEF

### NOAA Failed to Disclose All Records that Are Responsive to the Center's FOIA Request DOC-NOAA-2019-000296 / DOC-OS-2019-000529

162.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

163.    The Center has a statutory right to the records it seeks, and EPA has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records.  *See* 5 U.S.C. § 552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A).  NOAA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

164.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to NOAA in the foreseeable future.

COMPLAINT                                                        Center for Biological Diversity

165.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, NOAA will continue to violate the Center's rights to receive public records under FOIA.

166.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## SIXTEENTH CLAIM FOR RELIEF

### DOI Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request OS-2019-00217

167.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

168.    The Center properly requested records within the control of DOI through its November 20, 2018 FOIA request, OS-2019-00217, to the agency.

169.    The Center has a statutory right to a lawful final determination from DOI on the Center's FOIA request, OS-2019-00217, in a manner that complies with FOIA.  DOI has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

170.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to DOI in the foreseeable future.

171.    The Center's organizational activities will be adversely affected if DOI is allowed to continue violating FOIA's disclosure provisions.

172.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOI will continue to violate the Center's rights to receive public records under FOIA.

COMPLAINT                                                    Center for Biological Diversity

173.   The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## SEVENTEENTH CLAIM FOR RELIEF

### DOI Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request OS-2019-00217

174.   Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

175.   The Center has a statutory right to have DOI process the Center's FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  DOI violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

176.   Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to DOI in the foreseeable future.

177.   Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOI will continue to violate the Center's rights to receive public records under FOIA.

178.   The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## EIGHTEENTH CLAIM FOR RELIEF

### DOI Failed to Disclose All Records that Are Responsive to the Center's FOIA Request OS-2019-00217

179.   Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

180.   The Center has a statutory right to the records it seeks, and DOI has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory

COMPLAINT                                                        Center for Biological Diversity

disclosure or to withhold any segregable, nonexempt portion of the records. *See* 5 U.S.C. § 552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A). DOI has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

181.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to DOI in the foreseeable future.

182.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, DOI will continue to violate the Center's rights to receive public records under FOIA.

183.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## NINETEENTH CLAIM FOR RELIEF

### EPA Missed FOIA's Mandatory Determination Deadline for the Center's FOIA EPA-HQ-2019-001590

184.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

185.    The Center properly requested records within the control of EPA through its November 20, 2018 FOIA request, EPA-HQ-2019-001590, to the agency.

186.    The Center has a statutory right to a lawful final determination from EPA on the Center's FOIA request, EPA-HQ-2019-001590, in a manner that complies with FOIA. EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

187.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

188.    The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions.

189.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

190.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## TWENTIETH CLAIM FOR RELIEF

### EPA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request EPA-HQ-2019-001590

191.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

192.    The Center has a statutory right to have EPA process the Center's FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  EPA violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

193.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

194.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

195.    The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## TWENTY-FIRST CLAIM FOR RELIEF

### EPA Failed to Disclose All Records that Are Responsive to the Center's FOIA Request EPA-HQ-2019-001590

196.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

197.     The Center has a statutory right to the records it seeks, and EPA has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records.  *See* 5 U.S.C. § 552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A).  EPA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

198.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

199.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

200.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Declare that each Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's seven FOIA requests submitted on February 20, 2018 and November 20, 2018;

COMPLAINT                                                                    Center for Biological Diversity

(2)     Order each Defendant to search for any and all responsive records to Plaintiff's

seven FOIA requests submitted on February 20, 2018, and November 20, 2018 using search

methods reasonably likely to lead to discovery of all responsive records;

(3)     Order each Defendant to produce, by a date certain, any and all nonexempt

responsive records or segregable portion of the records and a *Vaughn* index of any responsive

records or portion of responsive records withheld under a claim of exemption, at no cost to

Plaintiff;

(4)     Enjoin each Defendant from continuing to withhold any and all nonexempt

responsive records or segregable portion of the records;

(5)     Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA

requests and that no agency records or portion of the records are improperly withheld;

(6)     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E) or 28 U.S.C. § 2412; and

(7)     Grant such other and further relief as the Court may deem just and proper.

DATED: May 7, 2019                    Respectfully submitted,


                                      */s/ Ryan Shannon*

                                      Ryan Shannon (D.C. Bar No. 00007)
                                      Center for Biological Diversity
                                      P.O. Box 11374
                                      Portland, OR 97211-0374
                                      (971) 717-5474 ext. 407
                                      rshannon@biologicaldiversity.org

//

//

//

COMPLAINT                                          Center for Biological Diversity

Stephanie M. Parent (OR Bar No. 925908)
*Pro hac vice* pending
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-5474
sparent@biologicaldiversity.org

*Attorneys for Plaintiff*

COMPLAINT                                          Center for Biological Diversity